U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 12 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **ROY FELLS, JR., et al.** | **CIVIL ACTION NO. 07-2039** |
| -vs- | **JUDGE DRELL** |
| **GREEN TREE SERVICING, LLC** | **MAGISTRATE JUDGE KIRK** |

## RULING AND ORDER

Before the Court is an appeal from the Bankruptcy Court's October 23, 2007, final ruling, sustaining appellee Green Tree Servicing, LLC's ("Green Tree") objection to the Chapter 13 plan proposed by appellant-debtors Roy Fells, Jr., and Renetta Britton Fells ("the Fells"). For the reasons set forth below, we reverse and remand to the Bankruptcy Court.

## STANDARD OF REVIEW

We review the Bankruptcy Court's conclusions of law and mixed questions of law and fact de novo, and findings of fact for clear error. In re McLain, 516 F.3d 301, 307 (5th Cir. 2008); Fed. R. Bankr. P. 8013.

## ANALYSIS

Here, the facts are not in dispute, and only a single legal issue is presented. The Fells' principle residence is a mobile home that has not been immobilized under

Louisiana law; thus, by definition, it remains a movable and is not real property. The Fells own the land on which the mobile home rests, but the land itself is not subject to a security interest, only the mobile home. Appellee Green Tree holds the security interest on the mobile home, a lien in the amount of $34,463.57. In their proposed Chapter 13 plan, the Fells sought to cramdown the secured value of the lien to $12,500.00.

The sole issue in this case is whether Green Tree is entitled to assert the anti-modification provision of 11 U.S.C. § 1322(b)(2) in order to avoid the cramdown. Section 1322(b)(2) has read for some time as follows:

> (b) Subject to subsections (a) and (c) of this section, the [bankruptcy] plan may— . . .
>
>> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims; . . . .

Id.

Formerly, "debtor's principal residence" was not defined in the Bankruptcy Code, but as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress added the following definition to 11 U.S.C. § 101(13A):

> (13A) The term "debtor's principal residence"--
>
>> (A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and
>
>> (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.

_Id._ Under longstanding jurisprudence, it is clear that only a security interest in real property is covered by the non-modification provision of 11 U.S.C. § 1322(b)(2). <u>See, e.g.,</u> <u>In re Ellis</u>, 324 B.R. 595, 598 (Bankr. M.D. La. 2005) ("To qualify for protection under the antimodification provision of § 1322 a creditor must satisfy a two prong test: (1) <u>the</u> <u>subject property must be real estate</u> and (2) the subject property must be the debtor's principal residence.") (citing <u>In re Johnson</u>, 269 B.R. 246, 248 (Bankr.M.D.Ala.2001)) (emphasis added). Congress did not modify Section 1322(b)(2) in the BAPCPA, so the language quoted above for § 1322(b)(2) remains.

The Bankruptcy Court framed the sole issue as "whether the debtors' mobile home is construed as a 'principal residence' for purposes of the anti-modification clause of 11 U.S.C. § 1322(b)(2)" (Doc. 3-18, p. 2), but, under 11 U.S.C. § 101(13A), the mobile home is undisputedly the Fells' principal residence. The real question before us is whether the new definition of "debtor's principal residence" changes the effect of 11 U.S.C. § 1322(b)(2), which requires "a security interest in real property that is the debtor's principal residence." In effect, the Bankruptcy Court ruled that it does, sustaining Green Tree's objection to the Fells' proposed Chapter 13 plan and permitting Green Tree to invoke the anti-modification provision of Section 1322(b)(2).

The Bankruptcy Court noted there is a division of authority on the issue of whether the new definition of "debtor's principal residence" somehow changes the effect of Section 1322(b)(2). The Bankruptcy Court relied heavily on, <u>inter alia</u>, <u>In re</u> <u>Shepherd</u>, 354 B.R. 505 (Bankr. E.D. Tenn. 2006); <u>In re Lunger</u>, 370 B.R. 649 (2007); <u>In re</u> <u>Davis</u>, 373 B.R. 46 (Bankr. S.D. Ohio 2007); <u>In re Coleman</u>, 373 B.R. 907 (Bankr. W.D. Mo.

2007); and In re Sturgill, 337 B.R. 599 (Bankr. W.D. Ky. 2006). The Court also noted the significantly different stance taken by other courts, including In re Cox, — B.R. —, 2007 WL 1888186 (Bankr. S.D. Tex. 2007); In re Manning, 2007 WL 1888186 (Bankr. N.D. Ala. 2007); and In re Ellis, supra (a pre-BAPCPA case).

We need not discuss the cases cited by the Bankruptcy Court in support of its decision, because our analysis does not depend on those cases. We simply note that, to the extent they are factually relevant, several have been reversed on appeal, including, most prominently, Shepherd, for the same reasons we discuss below. See In re Shepherd, 381 B.R. 675, 680 (E.D. Tenn. 2008) ("In sum, albeit hesitantly, this court follows the majority. The definition of 'debtor's principal residence' in § 101(13A)(A) does not operate to extend the anti-modification provision to structures that are not real property.")[1]; In re Davis, 386 B.R. 182, 187 (B.A.P. 6th Cir. 2008) ("The Panel concludes that the addition of the defined term 'debtor's principal residence' did not change the scope of the anti-modification provision contained in 11 U.S.C. § 1322(b). The anti-modification provision remains applicable only to real property."). In short, the basis for the Bankruptcy Court's ruling is now overwhelmingly the minority view.

The Bankruptcy Court's framing of the issue in this case ("whether the debtors' mobile home is construed as a 'principal residence' for purposes of the anti-modification clause of 11 U.S.C. § 1322(b)(2)") is problematic, because whether or not the Fells' mobile home is their principal residence is irrelevant to the determination before us. This case may be decided easily using the usual rules of statutory construction.

---

[1] The Shepherd District Court opinion provides an excellent summary of the division of authority, extensively citing to relevant cases. See In re Shepherd, 381 B.R. at 678-79.

> By any rules of statutory construction, courts are forbidden to tamper with the plain meaning of the words employed unless they are clearly ambiguous or nonsensical. The concomitant rule of interpretation is that courts may not re-write inartfully but unambiguously drafted legislation in order to accomplish results perceived by the court to be the goals of such flawed legislation. . . .
>
> The highest form of judicial restraint is resistance of the temptation to cure inartfully drafted legislation by indulging in "judicial legislation." Absent ambiguity, we must not tinker.

Grider v. Cavazos, 911 F.2s 1158, 1162-63 (5th Cir. 1990).

Here, the anti-modification provision of 11 U.S.C. § 1322(b)(2) applies only to "a security interest in real property that is the debtor's principal residence." The phrase "that is the debtor's principal residence" modifies "real property," and the "security interest" at issue must involve "real property." Thus, if the security interest at issue does not involve real property, the debtor's principal residence is irrelevant. The plain language of the statute could hardly be clearer or less ambiguous. We need not, should not, and cannot look to congressional intent for clarity, because the statute is clear as written. Moreover, courts have long properly interpreted Section 1322(b)(2) as requiring the security interest to be in "real property"—not in the "debtor's principal residence"—and Congress did not modify that provision when it enacted the BAPCPA.

Based on the plain language of the statute, even if the phrase "debtor's principal residence" were statutorily defined as "the mobile home belonging to Roy Fells, Jr., and Renetta Britton Fells," Green Tree still could not assert the anti-modification provision of Section 1322(b)(2) because it still would not have a security interest in "real property." It is apparently undisputed that the Fells' mobile home is a movable under Louisiana law and thus not real property, and Green Tree's only security interest is in the Fells' mobile

home. Accordingly, Green Tree may not, on these facts, assert the anti-modification provision of 11 U.S.C. § 1322(b)(2), and we must reverse the Bankruptcy Court's October 23, 2007, ruling to the contrary.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the Bankruptcy Court's October 23, 2007, final ruling is REVERSED. This matter is hereby REMANDED to the Bankruptcy Court for further proceedings not inconsistent with this ruling.

SIGNED on this _11_ day of August, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE